IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DUANE PASTORIUS,       )
                               )
                Plaintiff,     )
                               )
        v.                     )  Civil Action No. 10-683
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
                Defendant.     )

### MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of June, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently.  <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for disability insurance benefits and supplemental security income on July 2, 2007, alleging a disability onset date of February 1, 1997, due to a history of leg surgeries, "drop foot," back problems, insomnia and pain.  Plaintiff's applications were denied initially.  At plaintiff's request an ALJ held a hearing on October 17, 2008, at which plaintiff, represented by counsel, appeared and testified.  On December 8, 2008, the ALJ issued a decision finding that plaintiff is not disabled.  On March 22, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 47 years old on the date of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §§404.1563(c) and 416.963(c).  He has an eighth grade education which is classified as limited.  20 C.F.R. §§404.1564(b)(3) and 416.964(b)(3).  He has past relevant work experience as a general laborer, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease, drop foot, asthma, personality disorder mood disorder and polysubstance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 58).

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the light exertional level but with certain restrictions recognizing the limiting effects of his impairments. (R. 60). A vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including small parts assembler, marker and sorter. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but

cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's findings: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ improperly evaluated plaintiff's subjective complaints of pain and limitations; (3) the ALJ improperly assessed plaintiff's residual functional capacity; and, (4) the ALJ's hypothetical to the vocational expert failed to account for all of plaintiff's impairments and limitations.

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first alleges that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. In particular, he alleges that the ALJ erred in not giving controlling weight to the opinion of Dr. Leighton, his treating physician, who had indicated on public welfare assistance forms that plaintiff was temporarily disabled (R. 236), then later, that plaintiff is permanently disabled. (R. 184). The court finds no error in the ALJ's evaluation of this medical evidence.[2]

In his decision, the ALJ expressly addressed the welfare forms completed by Dr. Leighton and sufficiently explained why he gave the opinions stated on those forms little weight. (R. 62). In particular, he noted that Dr. Leighton's opinion that plaintiff is disabled is an issue reserved to the Commissioner and also found that Dr. Leighton's opinion is inconsistent with other

---

[2] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

AO 72
(Rev. 8/82)

substantial evidence of record, including the objective medical findings and Dr. Leighton's own treatment notes. (Id.).[3]

The ALJ's assessment of Dr. Leighton's reports is well-supported by the record. First, as the ALJ correctly noted, whether a plaintiff is disabled is a determination reserved to the Commissioner, and the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) & 416.927(e); SSR 96-5p.

In addition, Dr. Leighton rendered his opinions on state welfare forms. However, the Commissioner is to make disability determinations based on social security law and, therefore, an opinion from a treating source that an individual is disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §§404.1504 and 416.904.

Finally, the ALJ noted that Dr. Leighton's assessment that plaintiff is disabled is inconsistent with his own treatment notes and the other objective findings of record. (R. 22). The ALJ

---

[3] Plaintiff challenges the ALJ's evaluation of the medical evidence on the ground that the ALJ incorrectly stated that Dr. Leighton did not refer plaintiff to a specialist to address his pain issues when Dr. Leighton did refer plaintiff to two pain specialists, Dr. Jagiello and Dr. Hanna. However, the ALJ's misstatement had no effect on the disability determination, as it is clear from the record that the ALJ not only was aware of Dr. Jagiello's and Dr. Hanna's records but in fact discussed both in his decision, (R. 60-62), and the relatively benign objective medical findings set forth in those records lend further support to the ALJ's conclusion that plaintiff is not disabled.

noted that Dr. Leighton's own objective findings were relatively normal and that those findings were consistent with the objective findings recorded by other examining physicians, including Dr. Hanna. The record supports the ALJ's evaluation. Indeed, just ten days prior to finding that plaintiff is permanently disabled, Dr. Leighton reported that plaintiff had full range of motion in his arms and legs, his straight leg-raising tests were negative, his extremities showed no signs of instability or dislocation and he had normal muscle strength and tone. (R. 215).

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his decision and adequately explained his reasons for the weight he accorded to all of the medical reports and opinions, including those from Dr. Leighton. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff next challenges the ALJ's credibility finding. The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 61).

In assessing plaintiff's credibility, the ALJ properly considered plaintiff's allegations in light of his activities of daily living, as well as his treatment history and the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms. And although plaintiff takes

issue with the ALJ's statement that plaintiff's credibility is undermined by the fact that he denied knowing why he was terminated from Dr. Kunkel's pain program when he fully was aware that he was terminated because he violated the terms of his narcotics contract by illegally taking narcotics that were not prescribed to him, Dr. Hanna's notes show that plaintiff in fact indicated to him that he did not know the reason for his termination. (R. 62, 288). The ALJ did nothing improper in determining that plaintiff's failure to disclose to his second pain doctor why he was terminated from a prior pain management program reflected poorly on his overall credibility.

The court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p. To the extent plaintiff's complaints of pain and limitations were supported by the objective medical evidence, the ALJ accounted for it in his residual functional capacity. To the extent plaintiff's complaints were not supported by the evidence, they were given no weight. The ALJ's credibility finding is supported by substantial evidence.

Plaintiff also challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform less than the full range of light work. At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education,

past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Here, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into his finding those limitations that reasonably could be supported by the medical and other relevant evidence. This finding is supported by substantial evidence.

The court likewise finds no merit to plaintiff's contention that the ALJ's hypothetical to the vocational expert failed to account for all of the limitations substantiated by the evidence. A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

Moreover, the more restrictive limitations advanced by plaintiff, including a need to lie down several times a day for

an hour and the need to miss work two days per month, were supported neither by the objective medical evidence nor by plaintiff's reported daily activities. As a hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, <u>Podedworny v. Harris</u>, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. <u>See Jones v. Barnhart</u>, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  Christine M. Nebel, Esq.
     220 South Main Street
     Suite D
     Butler, PA 16001

     Jessica Smolar
     Assistant United States Attorney
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219

AO 72
(Rev. 8/82)